AARON M. CLEFTON (SBN 318680)
REIN & CLEFTON, Attorneys at Law
1423 Broadway #1133
Oakland, CA  94612
Telephone:  510/832-5001
Facsimile:   510/832-4787
info@reincleftonlaw.com

IRAKLI KARBELASHVILI, Esq. (SBN 302971)
ALLACCESS LAW GROUP
irakli@allaccesslawgroup.com
1400 Coleman Ave Ste F28
Santa Clara, CA 95050
Telephone: (408) 295-0137
Fax: (408) 295-0142

Attorneys for Plaintiff
KIM WHITE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM WHITE,<br><br>Plaintiff,<br><br>v.<br><br>UK STAR, INC.<br><br>Defendant. | CASE NO.<br>Civil Rights<br><br>**COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES:**<br><br>1.  **Violations of Americans with Disabilities Act of 1990 (42 U.S.C. § 12101 *et seq.*)**<br><br>2.  **Violation of the California Unruh Act (Cal. Civil Code §§ 51 and 52)**<br><br>3.  **Violation of the California Disabled Persons Act (Cal. Civil Code § 54 *et seq.*)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff KIM WHITE, complains of Defendant UK STAR, INC., and alleges as follows:

1.       **INTRODUCTION:**  Defendant intentionally cancelled Plaintiff Kim White's hotel reservation, after dark, on the night she arrived at the Mithila Hotel after a long journey by train and bus from Red Bluff, California. This action was taken specifically because Plaintiff is physically disabled. Defendant then confirmed the same motivation on the phone with her sister when she called the hotel, concerned for her sister's safety. The hotel is located between Lower

1

Nob Hill and the Tenderloin which is not a safe area for a disabled woman at night in unfamiliar surroundings.  Defendant barred Plaintiff from entering the building, asserting that the ADA did not apply to it because its building is allegedly historic. Believing it was exempt from ADA requirements to make any of their hotel rooms accessible, Defendant claimed the right to refuse service to any disabled guests.

2.     Although Plaintiff is disabled and uses various mobility aides, she can use standard hotel amenities and rooms. She does not need any of the features of an accessible room or accessible path of travel to it.  If Defendant had not barred her way, she could have traversed the stairs that lead to the lobby and to her room.  Instead of honoring her reservation, Defendant decided for her that as a disabled woman she only belonged in an accessible room, and because it believed it did not have to offer fully accessible rooms to the public due to the building's alleged historicity, that meant it had the right to refuse Plaintiff. Defendant did not believe Plaintiff belonged at its hotel, so it refused her service because she is disabled, a quintessential ADA violation.

3.     Defendant is a serial ADA defender, having already been sued for ADA violations in the past without correcting the inaccessible conditions of its hotels and implementing a draconian and anachronistic "no disabled people allowed" policy. Defendant also apparently did not learn the law's requirements in relation to treating disabled people equally, or alternatively were taking their frustrations out on Plaintiff because they had been sued previously by a different disabled person. Regardless of their motivations, the Defendant's intentional conduct was clear: they were determined to keep Kim White out of their hotel solely because she is disabled. In contrast, this is Kim White's first and only ADA lawsuit.

4.     Congress explicitly found overprotective, condescending policies are discriminatory under the ADA:

> [I]ndividuals *with disabilities continually encounter various forms of discrimination*, *including outright intentional exclusion*, the discriminatory effects of architectural, transportation, and communication barriers, *overprotective rules and policies*, failure to make modifications to existing facilities and practices, *exclusionary qualification standards and criteria, segregation, and relegation to lesser services*, programs, activities, benefits, jobs, or other opportunities;

2

42 USC § 12101(a)(5) (emphasis added).  Defendant's exclusionary and condescending practice of not allowing disabled individuals to enter their premises, let alone rent a room of their choice, epitomizes the type of discrimination the ADA was designed to prevent. This treatment shocked and embarrassed Plaintiff, who should never have been subjected to such humiliation and exclusion.

5.      Booking a standard room rather than an accessible room is well within Plaintiff's rights under the ADA.  28 C.F.R §§ 36.202 and 36.203.  Defendant denied Plaintiff services at its public facilities due to its policy of refusing to allow disabled individuals to rent standard rooms. Both federal and California law prohibit discrimination on account of a person's disabilities. Moreover, a violation of the ADA is an automatic violation of the California Disabled Persons and the Unruh Act. Cal. Civ. Code §§ 51(f), 54(c), and 54.1(d),

6.      Plaintiff seeks injunctive relief to require Defendant to enact policies and procedures so that any disabled person who attempts to patronize the Mithila Hotel will be provided the same benefits from the policies and procedures afforded to able-bodied persons, and reasonably accommodating treatment no matter what their disability is.  Plaintiff also seeks recovery of damages for her discriminatory experience and denial of access and of civil rights, which denial is continuing because Defendant failed to provide disabled accessible policies. Plaintiff also seek recovery of reasonable statutory attorney fees, litigation expenses and costs, under federal and state law.

7.      **JURISDICTION:**  This Court has jurisdiction of this action pursuant to 28 U.S.C. section 1331 for violations of the Americans with Disabilities Act of 1990.  28 U.S.C. § 1331; 42 U.S.C. §§ 12101 *et seq*.  Pursuant to supplemental jurisdiction, Plaintiff brings attendant and related causes of action arising from the same facts under California law.  California Civil Code §§ 51, 52, 54, 54.1, and 54.3.

8.      **VENUE:**  Venue is proper in this court pursuant, founded on the fact that the real property which is the subject of this action is in this district and that Plaintiff's causes of action arose in this district. 28 U.S.C. § 1391(b).

9.      **INTRADISTRICT:**  This case should be assigned to the San Francisco

3

1   intradistrict as the real property which is the subject of this action is in this intradistrict and

2   Plaintiff's causes of action arose in this intradistrict.

3       10.     **PARTIES:** Plaintiff Kim White is a "qualified" physically disabled person who

4   has limited use of her left arm and leg following a stroke. Plaintiff uses a wheelchair for

5   ambulation when she is outside due to her difficulty with stamina and balance.  Plaintiff generally

6   uses a cane or a walker to assist wither ambulation when she is inside.  Plaintiff is able to walk

7   independently for short distances, and she is able to climb stairs. Plaintiff has been issued a

8   California state placard for disabled parking which entitles her to park in a properly configured

9   disabled accessible parking spaces. Despite her physical limitations, Plaintiff is fiercely

10  independent, and continues to travel from her home in Red Bluff to the Bay Area on her own to

11  visit family and her pastor.

12      11.     Defendant UK STAR, INC. was at all times relevant to this complaint, the owner,

13  operator, lessor, and/or lessee of the business, property, buildings, and/or portions of them located

14  at 972 Sutter Street, San Francisco, California, and known as the Mithila Hotel.  The Mithila

15  Hotel is a "public accommodation and business establishment" subject to the requirements of the

16  Americans with Disabilities Act of 1990 and the California Civil Code. 42 U.S.C. § 301(7); Cal

17  Civ. C. §§ 51 *et seq.*, and §§ 54 *et seq*.

18      12.     **FACTUAL STATEMENT**: Plaintiff lives in Red Bluff, California, but she makes

19  trips to the Bay Area at least twice a year to visit her sister Heidi and to meet with the bishop of

20  her church. Plaintiff had planned a meeting with the bishop of her church for May 14, 2024. She

21  decided that she would like to stay in San Francisco, California, the night before her meeting so

22  that she could visit the city and see the sites. On May 13, 2024, Plaintiff called Priceline to make

23  a reservation at a hotel in San Francisco.  She told the Priceline representative her price range and

24  the general location she would like to stay, and the Priceline representative recommended the

25  Mithila Hotel.  Initially, Plaintiff requested an accessible room on the second floor, but the

26  representative informed Plaintiff that the Mithila Hotel did not have any accessible rooms.

27  Plaintiff then requested a standard room on the first floor.  The Priceline representative confirmed

28  that the Mithila Hotel had availability for that type of room, so Plaintiff made the reservation to

4

1   stay at the Mithila Hotel on the night of May 13, 2024.

2          13.     Since Plaintiff can walk short distances and navigate stairs, albeit with difficulty,

3   she did not think booking a standard room would be an issue for her. Although Plaintiff uses a

4   wheelchair when she must walk long distances outdoors, she generally uses a cane while inside.

5   She has stayed in standard hotel rooms previously without any issue.

6          14.     Plaintiff took Amtrak from Red Bluff to San Francisco. Plaintiff arrived in San

7   Francisco on Amtrak around 8:30 pm on May 13, 2024.  Upon her arrival in San Francisco, she

8   called the Mithila Hotel to confirm her reservation.  Defendant confirmed that Plaintiff did have a

9   reservation for that night and that it was holding the room until her arrival.  Plaintiff also asked

10  Defendant to confirm the address of the Mithila Hotel and provide her with the best bus line to

11  take there from the Amtrak station.  Defendant's employee provided Plaintiff with the

12  information she requested.

13         15.     Plaintiff took the bus from the Amtrak station to the nearest bus stop to Mithila

14  Hotel.  When she arrived at the bus stop it was already after 10 pm, and Plaintiff could not find

15  the Mithila Hotel, so she asked a gentleman walking by if he could assist her in finding the

16  correct address. He helped Plaintiff find the correct address, but when they arrived at the stated

17  address Plaintiff was confused about where the entrance to the hotel was. Plaintiff called the

18  Mithila Hotel to ask how to get inside.  Plaintiff spoke with one of Defendant's employees who

19  asked, "Is this Kim White?" Plaintiff replied yes, and she explained that she was having difficulty

20  finding the entrance. Plaintiff was at the bottom of a flight of stairs she later learned led to the

21  front entrance. She believed that whoever she was speaking to on the phone could see her because

22  she had not yet told Defendant she was a in wheelchair. Nevertheless, Defendant's employee then

23  informed Plaintiff that her reservation had been cancelled and that she could not come into the

24  Mithila Hotel because she was in a wheelchair.  Plaintiff pleaded with Defendant's employee to

25  let her at least come inside the lobby area to get out of the cold, use the restroom, and try to make

26  a reservation at another hotel, but Defendant's employee reiterated that she could not come inside

27  because Plaintiff uses a wheelchair.  Plaintiff tried to explain that she is able to climb stairs and

28  would leave her wheelchair outside, but Defendant's employee hung up on her. By this time, it

was 10:30 pm, and Plaintiff was in unfamiliar surroundings and scared.

16.   Plaintiff was devastated by Defendant's statements.  Further, she was embarrassed, humiliated, and upset. She was being refused entry into the Mithila Hotel just because Defendant believed that, as a disabled person, she could not climb steps, even though she is capable of doing so.  Defendant asserted that it knew what was best for her, even though Plaintiff is the best judge of her own physical ability. Defendant's statements communicated a paternalistic and condescending logic that it knew what Plaintiff was capable of better than she did, that she could not be trusted to make safe decisions for herself.  Defendant decided for her, as if she were child or an incompetent, the apotheosis of an ADA violation.

17.   Despite her physical limitations, Plaintiff is capable of navigating stairs without assistance.  She would not have reserved a room which is only accessible by stairs if she were not able to climb up to that room.

18.   Further, Plaintiff was frantic, scared, cold, and desperately needed to use the restroom, so called her sister Heidi who lives in the Bay Area and explained what had happened at the Mithila Hotel.  Heidi was traveling for work in Seattle, but she called the Mithila Hotel to see if she could help her sister reinstate her reservation there.  Heidi explained to Defendant's employee that her sister, Plaintiff, had a reservation at the Mithila Hotel, and was currently outside because her reservation had been cancelled.  Heidi requested that Defendant's employee reinstate Plaintiff's reservation and let her come inside the Mithila Hotel.  Defendant's employee told Heidi that Defendant had cancelled Plaintiff's reservation because Plaintiff is disabled and uses a wheelchair.  Heidi asked Defendant's employee if she could speak with a manager of the Mithila Hotel.

19.   Heidi was connected to Defendant's manager, and she explained again that Plaintiff's reservation at the Mithila Hotel had been cancelled but that Plaintiff was able to climb steps and would like to come inside.  Heidi also explained that her husband, who was in the Bay Area, would come and get Plaintiff's wheelchair if Defendant's were worried about Plaintiff leaving it outside. Defendant's manager told Heidi that Plaintiff's reservation was cancelled because she is disabled and uses a wheelchair. Defendant did not agree to the reasonable

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

accommodation request that Plaintiff's sister be allowed to arrange storage of the Plaintiff's wheelchair and take responsibility for it. Defendant's manager told Heidi that the Mithila Hotel is exempt from the ADA because it is located in a historical building, and therefore, he explained, Defendant does not have to allow disabled people admittance.  Defendant's manager then hung up the phone.

20.     It was clear to both Heidi and Plaintiff that Defendant was not going to allow Plaintiff to stay at the Mithila Hotel, so Plaintiff went to a nearby pub to use the restroom and make a reservation at another nearby hotel.  The second hotel was much pricier than the Mithila Hotel, and Plaintiff was completely exhausted and emotionally depleted by the time she arrived there.  What was supposed to be a fun and rejuvenating outing to San Francisco turned into a nightmare for Plaintiff.

21.     The stairs leading to the Mithila Hotel have rails that do not extend beyond the bottom step and are not the right height making it difficult for Plaintiff to use them.  The room she rented appears to not have compliant accessible features such as grab bars or the correct turn around space, or paths of travel the also would have made it difficult for her to use the premises had she been able to access the room.

22.     Defendant's own website admits that

> Our building is over 50 years old and presents architectural and structural restrictions that limit our ability to reasonably achieve certain mobility improvements to accommodate guests including those who need to utilize a wheelchair.  All of our guest rooms are above the ground floor. The San Francisco Department of Building Inspection determined that due to the architectural and structural limitations full ADA compliance was technically infeasible. Please contact the hotel and ask for the General Manager if you have specific questions about the accessibility features of our property.  Please review our website's dedicated accessibility webpage to learn more about our property's accessibility features. Click Here To See Approval of Technical Infeasibility Request From The City and County of San Francisco Department of Building Inspection.

https://www.mithilahotel.com/ada-accessibility-amenities-services-facilities. Omitted from their list of accessible features for their guest rooms is any mention of grab bars which Plaintiff believes do not exist any of Defendant's accessible guest rooms, or that any such rooms exist.

7

23.     Tellingly, when one clicks on the technical infeasibility "approval," by the City, which is not binding under federal law, it only applies to the front entrance and lists things Defendant must do.  It reads that "Accessible *exterior* access cannot be provided due to existing layout and constraints of the site. Recently completed litigation has deemed the access technically infeasible."

https://my.innsight.com/assets/user_images/properties/emailtemplates/resize/6/9/4/Mithila_Hotel_1585690578.jpg?1585690586.  (emphasis added). Then under the compliance section it reads, "Existing exterior treads and top and bottom treads of interior on treads [sic] to main office will be striped and flat bar exterior handrails changed to 1.25" OO Type." *Id.* The latter refers to replacing the difficult to grasp flat shaped railing with round "O" shaped rails that are ADA compliant. The compliance requirement, a condition of the infeasibility approval that would make it valid, was never met.  The document itself is missing several pieces of information, including a date and certain initialed sections.  Regardless, as of the incident date and the filing of this complaint, the handrails still are flat shaped and difficult for disabled persons, including Plaintiff, to use because she cannot grasp them as well as compliant round ones.  Therefore, there is no valid finding of technical infeasibility for Defendant to rely upon, and their website misrepresents the scope of the finding in any event.  Even assuming that the front entrance is technically infeasible to remedy for a wheelchair user who cannot walk, that does not excuse noncompliance for handrails and other accessible features in the hotel's rooms for people like Plaintiff who can walk and use stairs. Under all the circumstances above, Defendant appears to be a repeat ADA offender who would rather litigate than make its premises accessible or allow Plaintiff and other mobility impaired persons who can still walk the option of staying with them.

24.     Plaintiff travels to San Francisco frequently, and she enjoys staying in the city because of everything it has to offer. The Mithila Hotel is one of the more affordable options for staying in San Francisco, and it is in a great location for site seeing in the city.  Plaintiff wants to return to stay at the Mithila Hotel in the future to see what she missed out on, but she can and will only do so after Defendant changes its discriminatory policies of not allowing disabled persons to stay at the property and training its staff on those policies.

**FIRST CAUSE OF ACTION:**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
**42 U.S.C. §§ 12101 *et seq***

25.     Plaintiff re-pleads and incorporates by reference, as if fully set forth again here, the allegations contained in Paragraphs 1 through 24 of this Complaint and incorporates them herein as if separately re-pleaded.

26.     In 1990 the United States Congress made findings that laws were needed to more fully protect "some 43,000,000 Americans [with] one or more physical or mental disabilities;" that "historically, society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous..." 42 U.S.C. §12101.

27.     Plaintiff is a qualified individual with a disability as defined in the Rehabilitation Act and in the Americans with Disabilities Act of 1990.

28.     In passing the Americans with Disabilities Act of 1990 ("ADA"), Congress stated as its purpose:

It is the purpose of this Act

(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and

(4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b).

29.     As part of the ADA, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 U.S.C. § 12181 *et seq.*).  The subject property and facility is one of the "private entities" which are considered "public accommodations" for purposes of this title, which includes but is not limited to any "hotel, motel or other place of lodging."  42 USC § 12181(7)(A).

30.     The ADA states that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 U.S.C. § 12182.  The specific prohibitions against discrimination include, but are not limited to the following:

§ 12182(b)(1)(A)(ii): "Participation in Unequal Benefit. - It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

§ 12182(b)(2)(A)(ii): "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

§ 12182(b)(2)(A)(iii): "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...;"

§ 12182(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."

The acts and omissions of Defendant set forth here were in violation of Plaintiff's rights under the ADA and the regulations promulgated under it, 28 C.F.R. Part 36 *et seq*.

31.     The removal of each of the barriers complained of by Plaintiff as alleged above,

were at all times mentioned "readily achievable" under the standards of sections 12181 and 12182 of the ADA.  A change from allowing managers or employees to communicate or enforce discriminatory policies directly is itself readily achievable.  As noted below, removal of each of the barriers complained of here was already required under California law.  If removal of any barrier is found to be "not readily achievable," Defendant still violated the ADA, per section 12182(b)(2)(A)(v) by failing to provide all goods, services, privileges, advantages and accommodations through alternative methods that were "readily achievable."  This includes installation of the railing which likely does not cost more than $1,000 to replace and does not threaten the historic nature of the building.  This is particularly so since the building department required it to be done but it was not completed.

32.     On information and belief, as of the date of Plaintiff's encounters at the premises and as of the filing of this Complaint, Defendant's actions and policies denied and continue to deny full and equal access to Plaintiff and to other disabled persons, which violates Plaintiff's right to full and equal access and which discriminates against Plaintiff on the basis of her disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of 42 U.S.C. sections 12182 and 12183 of the ADA.

33.     Plaintiff wishes to return to patronize the Mithila Hotel once all barriers are removed.  Under the Americans with Disabilities Act, 42 U.S.C. sections 12188 *et seq.,* Plaintiff is entitled to the remedies and procedures set forth in section 204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis of her disabilities in violation of sections 12182 and 12183 of this title.  On information and belief, Defendant has continued to violate the law and deny the rights of Plaintiff and other disabled persons to "full and equal" access to this public accommodation since on or before Plaintiff's encounters.  Pursuant to section 12188(a)(2)

> [i]n cases of violations of § 12182(b)(2)(A)(iv) and § 12183(a)... injunctive relief shall include an <u>order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities</u> to the extent required by this title.  Where appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative

methods, to the extent required by this title. [Emphasis added.]

34.     Plaintiff seeks relief under remedies set forth in section 204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and under Federal Regulations adopted to implement the Americans with Disabilities Act of 1990.  Plaintiff is a qualified disabled person for purposes of § 12188(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing she will face such discrimination each time that she may use the property and premises, or attempt to patronize the Mithila Hotel, given Defendant's barriers to access.

WHEREFORE, Plaintiff requests relief as outlined below.

### SECOND CAUSE OF ACTION:
### VIOLATION OF CALIFORNIA LAW INCLUDING: THE UNRUH ACT, CIVIL CODE SECTIONS 51 AND 52, AND THE AMERICANS WITH DISABILITIES ACT AS INCORPORATED
### BY CIVIL CODE SECTION 51(f)

35.     Plaintiff re-pleads and incorporates by reference, as if fully set forth hereafter, the factual allegations contained in Paragraphs 1 through 34 of this Complaint and incorporates them herein as if separately re-pleaded.

36.     At all times relevant to this complaint, California Civil Code section 51 has provided that physically disabled persons are free and equal citizens of the state, regardless of medical condition or disability:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

Civil Code § 51(b). [Emphasis added.]

37.     California Civil Code section 52 provides that the discrimination by Defendant against Plaintiff on the basis of disability constitutes a violation of the general anti-discrimination provisions of sections 51 and 52.

38.     Each of Defendant's discriminatory acts or omissions violates California Civil Code section 52, which provides that:

> Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to section 51, 51.5, or 51.6 is liable for each and every offense for the

12

actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

39.     Any violation of the Americans with Disabilities Act of 1990 also constitutes a violation of California Civil Code section 51(f), thus independently justifying an award of damages and injunctive relief under California law, including Civil Code section 52.  Per Civil Code section 51(f), "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."

40.     The actions and omissions of Defendant as alleged here constitute a denial of access to and use of the described public facilities by physically disabled persons under California Civil Code sections 51 and 52.  As a proximate result of Defendant's action and omissions, Defendant has discriminated against Plaintiff in violation of Civil Code sections 51 and 52, and are responsible for statutory, compensatory and treble damages to Plaintiff, according to proof.

41.     Defendant, in engaging in the conduct set forth above, refused to do business with Plaintiff and refused Plaintiff service.  Plaintiff alleges on information and belief that such refusal and denial of service was due to Plaintiff' disability in violation of Civil Code section 51.5.

42.     **FEES AND COSTS:**  As a result of Defendant's acts, omissions and conduct, Plaintiff has been required to incur attorney fees, litigation expenses and costs as provided by statute to enforce Plaintiff's rights and to enforce provisions of law protecting access for disabled persons and prohibiting discrimination against disabled persons.  Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses and costs under California Civil Code sections 51 and 52.  Additionally, Plaintiff's lawsuit is intended to require that Defendant makes its facilities and policies accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs under California Code of Civil Procedure section 1021.5 and other applicable law.

WHEREFORE, Plaintiff requests relief as outlined below.

//

//

13

**THIRD CAUSE OF ACTION:**
**DAMAGES AND INJUNCTIVE RELIEF**
**FOR DENIAL OF FULL AND EQUAL ACCESS TO PUBLIC FACILITIESIN A PUBLIC**
**ACCOMMODATION**
**(Civil Code §§ 54 *et seq.*)**

43.     Plaintiff repleads and incorporates by reference, as if fully set forth again here, the factual allegations contained in Paragraphs 1 through 42, above, and incorporates them here by reference as if separately repled hereafter.

44.     Plaintiff and other similarly situated physically disabled persons cannot use public facilities on a "full and equal" basis unless each such facility's policies comply with the provisions of California Civil Codes section 51, 52, 54, 54.1, and 54.3.  Plaintiff is a member of that portion of the public whose rights are protected against discrimination by California Civil Code §§ 54 and 54.1, the "Disabled Persons Act."  "Individuals with disabilities or medical conditions have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, public facilities, and other public places."  Civil Code § 54(a). Furthermore, "Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, . . . places of public accommodation, amusement, or resort, and other places to which the general public is invited." Civil Code § 54.1(a).  Any violation of the ADA, including, but not limited to, any violation of sections 12182 and 12183, is also incorporated as a violation of the Disabled Persons Act, by Civil Code sections 54(c), 54.1(d), and the Unruh Civil Rights Act, Civil Code section 51(f), as specified in the First and Second Causes of Action above.

42 USC section 12182(a) sets forth Title III's general rule prohibiting public accommodations from discriminating against individuals because of their disability.  The question whether petition has violated that rule depends on a proper construction of the term "discrimination," which is defined by Title III to include:

> a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, *unless the entity can demonstrate that making such modifications would fundamentally alter the nature* of such goods, services, facilities, privileges, advantages, or accommodations.
> § 12182(b)(2)(A)(ii)(emphasis added).

14

1 | *PGA Tour, Inc. v. Martins*, 532 U.S. 661, 681-682 (2001).

2 |      45.     Defendant paternalistically "decided" for Plaintiff that she might be unable to

3 | safely navigate her surroundings.  This is in clear violation of the ADA's purpose:

> individuals with disabilities continually encounter various forms of discrimination, including . . . the discriminary effects of architectural, transportation, and communication barriers, ***overprotective rules and policies***, failure to make modifications to existing facilities and practices, ***exclusionary qualification standards and criteria,*** **segregation, and** ***relegation to lesser services, programs, activities***, benefits, jobs, or other opportunities.

42 USC § 12101 (a)(5) (emphasis added).

     46.     All policy barriers to access render the premises inaccessible and unusable to physically disabled persons who are mobility impaired, such as Plaintiff and are barriers Plaintiff may encounter when she returns to the premises unless these policy barriers are changes.

     47.     Further, every violation of the Americans With Disabilities Act of 1990 (as pled in the First Cause of Action, *infra*, the contents of which are re-pleaded and incorporated here, word for word, as if separately re-pleaded herein), also constitutes a distinct violation of California Civil Code § 54(c) and 54.1(d), thus independently justifying an award of damages and injunctive relief under California law, including, but not limited to, Civil Code §§ 54.3.

     48.     **INJUNCTIVE RELIEF:**  Plaintiff seeks injunctive relief to prohibit the acts and omissions of Defendant as complained of here, including policy discrimination, which are continuing on a day-to-day basis, and which have the effect of wrongfully excluding Plaintiff and other members of the public who are disabled from full and equal access to these public facilities. Such acts and omissions are the cause of humiliation and mental and emotional suffering of Plaintiff in that these actions continue to treat Plaintiff as inferior and a second-class citizen. They continue to discriminate against disabled persons on the sole basis that they are persons with physical disabilities require reasonable modifications of policies and practices to use the services of the facilities.

     49.     Plaintiff is deterred from returning to use these facilities, because the lack of policy access will foreseeably cause her further difficulty, discomfort and embarrassment. Plaintiff is unable, so long as such acts and omissions of Defendant continue, to achieve equal

access to and use of these public facilities.  Therefore, Plaintiff cannot return to patronize the Mithila Hotel and its facilities and is deterred from further patronage until these policy barriers are removed and the policies are made properly accessible for disabled persons.  Plaintiff's travels to the Bay Area often, and the Mithila Hotel is one of the most affordable options in San Francisco.  Plaintiffs plan to return to the Mithila Hotel once Defendant's discriminatory policies have been changed and legally required access has been provided.

50.    The acts of Defendant have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court.  Plaintiff seeks injunctive relief as to all inaccessible policies of the premises. Plaintiff seeks preliminary and permanent injunctive relief from Defendant who currently owns and operates the Mithila Hotel to enjoin and eliminate the discriminatory practices and barriers that deny full and equal access for disabled persons, and for reasonable statutory attorney fees, litigation expenses and costs.

51.    Wherefore Plaintiff ask this Court to preliminarily and permanently enjoin any continuing refusal by Defendant to grant full and equal access to Plaintiff in the ways complained of and to require Defendant to comply immediately with the applicable statutory requirements relating to access for disabled persons.  Plaintiff also requests that the Court award damages under Civil Code section 54.3 and other law and attorney fees, litigation expenses, and costs under Civil Code sections 54.3 Code of Civil Procedure section 1021.5 and other law, all as prayed below.[1]

52.    **DAMAGES:**  As a result of the denial of full and equal access to the described facilities and due to the acts and omissions of Defendant in owning, operating, leasing, constructing, altering, and maintaining the subject facility, Plaintiff has suffered a violation of her civil rights, including, but not limited to, rights under Civil Code sections 54 and 54.1, and suffered difficulty, discomfort and embarrassment, and physical, mental and emotional injuries, all to Plaintiff's damages per Civil Code section 54.3, including general and statutory damages, as stated below.  Defendant's actions and omissions to act constitute discrimination against Plaintiff

---

[1] Plaintiff is not seeking injunctive relief or any other relief under California Civil Code section 55.

1    because Plaintiff was and is disabled and the fact that she is unable, because of the policy barriers

2    created and/or maintained by the Defendant in violation of these subject laws, to use the public

3    facilities on a full and equal basis as other persons.  The policy violations have deterred Plaintiff

4    from returning to attempt to patronize the Mithila Hotel and will continue to cause her damages

5    so long as these policies barriers continue.

6         53.    **FEES AND COSTS:**  As a result of Defendant's acts, omissions, and conduct,

7    Plaintiff has been required to incur attorney fees, litigation expenses, and costs as provided by

8    statute, in order to enforce Plaintiff's rights and to enforce provisions of the law protecting access

9    for disabled persons and prohibiting discrimination against disabled persons.  Plaintiff therefore

10   seeks recovery of all reasonable attorney fees, litigation expenses, and costs, under Civil Code

11   sections 52, 54.3Additionally, Plaintiff's lawsuit is intended to require that Defendant make its

12   facilities accessible to all disabled members of the public, justifying "public interest" attorney

13   fees, litigation expenses and costs under California Code of Civil Procedure § 1021.5 and other

14   applicable law.

15        WHEREFORE, Plaintiff requests relief as outlined below.

16                              **<u>PRAYER</u>**

17        Plaintiff has no adequate remedy at law to redress the wrongs suffered as stated in this

18   Complaint.  Plaintiff has suffered and will continue to suffer irreparable injury as a result of the

19   unlawful acts, omissions, policies, and practices of the Defendant as alleged herein, unless

20   Plaintiff is granted the relief she requests.  Plaintiff and Defendant have an actual controversy and

21   opposing legal positions as to Defendant's violations of the laws of the United States and the

22   State of California. The need for relief is critical because the rights at issue are paramount under

23   the laws of the United States and the State of California.

24        WHEREFORE, Plaintiff KIM WHITE prays for judgment and the following specific

25   relief against Defendant:

26        1.    Issue a preliminary and permanent injunction directing Defendant as current

27   owner, operator, lessor, and/or lessee of the subject property and premises to modify the above

28   described policies and architectural barriers to provide full and equal access to all persons,

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

including persons with physical disabilities; and issue a preliminary and permanent injunction under ADA section 12188(a) and state law directing Defendant to provide facilities usable by Plaintiff and similarly situated persons with disabilities, and which provide full and equal access, as required by law, and to maintain such accessible facilities once they are provided, including allowing disabled individuals to reserve standard rooms at the subject hotel; to cease its discriminatory policies, including denying access to facilities to disabled individuals; and to train Defendant's owners, managers, employees and agents in how to properly treat disabled persons and accommodate their rights and needs;

2.      Retain jurisdiction over the Defendant until the Court is satisfied that Defendant's unlawful policies, practices, acts and omissions as complained of here no longer occur, and cannot recur;

3.      Award to Plaintiff all appropriate damages, including, but not limited to, statutory damages, general damages, and treble damages in amounts within the jurisdiction of the Court, all according to proof;

4.      Award to Plaintiff all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law;

5.      Award prejudgment interest under Civil Code § 3291; and

6.      Grant any other relief that this Court may deem just and proper.

Date: July 30, 20024

REIN & CLEFTON
ALLACCESS LAW GROUP

_____/s/ Aaron Clefton_____
By AARON CLEFTON, Esq.
Attorneys for Plaintiff
KIM WHITE

//
//
//
//
//

18

1

**JURY DEMAND**

2
    Plaintiff demands a trial by jury for all claims for which a jury is permitted.

3
Date: July 30, 2024                        REIN & CLEFTON

4
                                            ALLACCESS LAW GROUP

5
                                              */s/ Aaron Clefton*

6
                                            By AARON CLEFTON, Esq.
                                          Attorneys for Plaintiff

7
                                          KIM WHITE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

19